[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR ORDER (#117)
The marriage of the parties was dissolved on June 24, 1996, Mintz, Judge. The separation agreement by and between the parties of said date was approved by the court and incorporated by reference into the judgment.
Paragraph 6.3 of said agreement provides "on or before the date of dissolution of their marriage, the husband shall quit claim to the wife his record right, title and interest to such marital residence." Paragraph 7.4 of said agreement states "the parties shall attempt to agree on the division of the household furniture, furnishings, and household effects. In the event the parties are unable to agree on a final distribution of personal property, the issue shall be submitted to the Family Relations office of the Superior Court or to any other mutually agreed person or agency for mediation, and if unresolved, then to the Superior Court in Bridgeport or any other court of competent jurisdiction for final determination."
It was reported to this court at Short Calendar argument that the parties have made several attempts between themselves and conferred with family relations but are unable to divide certain "items of household furniture" and are now requesting this court to divide said items.
The court heard from both the former husband and former wife concerning some of the items of personal property which are still in dispute. Thereafter, the court requested counsel to furnish the court with a complete list of all items of personal property which the parties are requesting the court to divide between them. Both lists indicate that there are presently approximately twenty-eight items or groups of items still in dispute. The court has carefully examined the two lists and has considered the credibility of both parties who took the stand and testified in this matter. It has observed their appearance, attitude, demeanor and testimony upon the witness stand on both direct and cross-examination CT Page 5684
By her list the wife indicates that she has now agreed to turn over to the husband the following items: Family room mantle clock, ice bucket, 35mm Camera and attachments, camera bag, balance scale, two table lamps in master bedroom, clock radio in master bedroom, white folding table, crystal vase, ceramic Christmas tree, which was a gift from husband's mother, ceramic dough bowls, cutting board on top of dishwasher, ceramic popover pan, pressure cooker, Lloyd Garrison ship painting, and all family pictures of the husband alone with children. The courts orders that all of the aforesaid items shall go to the husband.
The remaining twelve items on the wife's list submitted to the court shall be divided as follows. Brown folding table which is now being used by the son shall go to the wife. The mantel clock in living room shall go to the wife as the mantel clock in the family room was a gift from husband's uncle and shall go to the husband. One rubber mallet, one tin snip, the hot glue gun, the desk lamp on the kitchen desk, the Jim Fan painting in the living room, the small step ladder and the twenty inch television set, one of four in the house, shall go to the husband. The folding room divider in the dining room "which matches the room theme and decor" and the brass floor lamp, which she selected, in the living room shall go to the wife.
There are a collection of eight Lladro figurines. Both parties indicated that they would like their son to have Lladro, The Clown. The wife testified that the remaining seven Lladro figurines were given to her as gifts. She stated that one Lladro was a mother's day gift to her from the children, that she received two from friends and or neighbors and that the remaining four were given to her by the husband as gifts after she had selected them and indicated she would like them. Based on her testimony the court orders the wife shall have the seven Lladro figurines.
The lists submitted by each of the parties have been given consideration by the court and shall be followed where there is no dispute. Orders shall enter in accordance with the foregoing for the contested items.
BALLEN, J.